MR. JUSTICE GROVES
delivered the opinion of the Court.
Petitioner, Faye Rueda, was arrested at her home by the Thornton police and charged with criminal offenses relating to narcotics. Her automobile was also seized at the same address. Petitioner filed a motion in the respondent court to have the seized automobile returned alleging that the court did not have subject matter jurisdiction. The district court denied the motion. She commenced this original proceeding here and we issued a rule to show cause. We now discharge the rule.
Petitioner’s contention is basically that an automobile cannot be a class 1 public nuisance because it is not described in subsection 16-13-303(1), C.R.S. 1973. However, subsection 16-13-303(2), C.R.S. 1973 clearly provides that motor vehicles used in connection with the various narcotics related activities set out in 16-13-303(1 )(c), C.R.S. 1973, “are subject to seizure, confiscation, and forfeiture.” Thus, petitioner’s argument falls.
The pertinent statutes involved here are from PART 3, ABATEMENT OF PUBLIC NUISANCE, to be found in section 16-13-301 et seq., C.R.S. 1973. The portions of this Act which are applicable here read: “It is the policy of the general assembly that every public nuisance shall be restrained, prevented, abated, and perpetually enjoined. It is the duty of the district attorney in each judicial district of this state to bring and maintain an action, pursuant to the provisions of this part 3, to restrain, prevent, abate, and perpetually enjoin any such public nuisance. . . .” Section 302
*329 “[A]nd all fixtures and contents thereof shall be deemed a class 1 public nuisance when:
“(c) Used for the unlawful manufacture, sale, or distribution, or for storage or possession for any unlawful manufacture, sale, or distribution of any narcotic drug or other drug the possession of which is an offense under the laws of this state. ..
“(2) . . . [T]he personal property of every kind and description . . . maintaining, aiding, or abetting any class 1 public nuisance; and any motor vehicle or other vehicle used for the purposes described in subsection (l)(c) of this section are subject to seizure, confiscation, and forfeiture as provided in this part 3, unless the possession of said property is not unlawful and the owner of said property was not a party to the creation of the nuisance and would suffer undue hardship by sale, confiscation, or destruction of the property.” Section 303
“(1) If the existence of a class l public nuisance is shown in such action to the satisfaction of the court or judge thereof, either by verified complaint or affidavit, the court or judge shall issue a temporary restraining order to abate and prevent the continuance or recurrence of the nuisance. . . . and such order may direct the seizure of any personal property subject to seizure, confiscation, and forfeiture under the provisions of section 16-13-303(2). . . .” Section 308
“(2) If the existence of a class 1 public nuisance is established in an action authorized by this part 3, an order of abatement shall be entered as a part of the judgment in the case, which order shall direct ... the confiscation and forfeiture of all personal property seized or subject to seizure as provided in section 16-13-303(2), and shall direct the sale of the personal property as provided in this part 3. . . .” Section 309
“(1) Any personal property subject to seizure, confiscation, forfeiture, or destruction under the provisions of this part 3, and which is seized as a part of or incident to proceedings under this part 3 for which disposition is not provided by another statute of this state, shall be disposed of as provided in this section.
“(3) Except as otherwise provided in this section, the court may order any such property sold by the sheriff in the manner provided for sales on execution. The proceeds of the sale shall be applied as follows: To the fees and costs of removal and sale; to the allowance and cost of closing and keeping closed the building or. place where the property was seized pursuant to the provisions of this part 3; to the payment of the plaintiffs costs in such action; and the balance, if any, to the general fund of the state. In lieu of ordering the sale of such property, the court may, if it finds that it can be used by the agency which seized it, order it delivered to the agency *330 for such use.” Section 311
The District Attorney of the Seventeenth Judicial District filed a complaint in the respondent court against the petitioner and a 1972 Ford Thunderbird automobile. The complaint alleged that this vehicle was owned by the petitioner and had been seized by the Thornton Police Department, which had placed it in storage. The complaint continued:
“4. On March 7, 1977, on the streets and highways of Adams County, Colorado, Michael Ortega used the Automobile for the purpose of sale and distribution of a drug, to-wit: heroin, the possession of which is an offense under Colorado law; and defendant, Faye Rueda [the petitioner], did store and possess such unlawful drug for sale and distribution, and did conduct, maintain, aid and abet such sale and distribution by use of said Automobile.
“5. Defendant, Faye Rueda, has been charged with the crimes of possession for sale of narcotic drugs and conspiracy to commit that crime.”
The prayer of the complaint was that the vehicle be adjudged a nuisance and forfeited.
The petitioner moved the respondent court that it order the automobile returned to her. The motion was denied and she brought this original proceeding.
The only issue before the respondent court under the motion for return and before us is an interpretation of the statutes above quoted. She states in her petition:
“Both the People and the Petitioner herein filed briefs on the question of the Respondent District Court’s jurisdiction to forfeit the automobile, the solitary legal issue being whether or not any part of Article Thirteen of Title Sixteen of the Colorado Revised Statutes, entitled ‘Abatement of Public Nuisance’ authorizes the adjudication of an automobile not designed for occupancy as a ‘public nuisance’ as prayed for in the People’s complaint.”
As already indicated, it is petitioner’s position that an automobile cannot be so treated because it is not a building constituting a class 1 public nuisance. The petitioner has called attention to the fact that, until litigation is terminated, the storage charges against the automobile may approach or more than equal its value. As to this position, we must remark that no constitutional question, nor any question other than interpretation of the statute, is here involved. To us, the statute is plain in its terms and, since only its interpretation is involved, we cannot address ourselves to the alleged harshness of its terms. We think it says what it means and means what it says.
In her argument that the respondent court has exceeded its jurisdiction, there may be an inference that the court has not proceeded in accordance with our Rules of Civil Procedure. In that connection we mention the following provision of the rules:
*331 “These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute.” C.R.C.P. 81(a). Obviously, we are here dealing with a special statute proceeding.
Rule discharged.
MR. CHIEF JUSTICE PRINGLE does not participate.